UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID TOON,

      Plaintiff,

v.                                   Case No:   6:14-cv-617-Orl-22TBS

DAVID HARPUR, JANE DOE, JOHN
DOES 1-10 and JANE DOES 1-10,

      Defendants.

_____

## REPORT AND RECOMMENDATION

This case comes before the Court on pro se Plaintiff David Toon's Application to Proceed in District Court with Prepaying Fees or Costs (Doc. 2).   The Court construes the application as a motion to proceed *in forma pauperis*.   This is the second time I have considered the motion.   (Doc. 3).   The first time, I reviewed Plaintiff's original complaint and concluded there were multiple reasons why it should be dismissed.   (Id.).   Accordingly, I entered a report recommending dismissal, which was pending when Plaintiff filed his amended complaint.   (Doc. 4).   Upon receipt of the amended complaint, the district judge terminated my report as moot and directed me to review the amended complaint to determine whether it states a valid claim.   (Doc. 5).   After review of the amended complaint, I respectfully recommend that the Court **DENY** Plaintiff's motion and dismiss this action.

## BACKGROUND[1]

The amended complaint alleges that Plaintiff is "a decorated war veteran, Father,

_____

[1] Unless otherwise stated, all facts taken from Plaintiff's amended complaint (Doc. 4).

Grandfather and a business man with opportunities for growth in his industry."   However, he has not alleged what that industry is.   The only Defendants identified by name in the amended complaint are David Harpur and Nanci Harpur Wife.   Although it is not alleged, I assume that Nanci Harpur is David Harpur's wife.   The remaining Defendants are sued as John Does 1-10 and Jane Does 1-10.   Plaintiff says he will amend his complaint once he learns the identity of these persons.

Plaintiff has invoked the Court's diversity jurisdiction, alleging that he is a citizen of Florida, Defendants all live in Arizona, and the amount is controversy is more than $1,000,000.

He complains that "defendant" marred his "image in front of his family and friends in an intentional and malicious conduct in complete disregard for the truth and the safety and well being [sic] of Plaintiff."   The particulars of this conduct are not alleged.   Plaintiff states that the John and Jane Doe Defendants are liable for what occurred, but he fails to say how or why.

Plaintiff's first cause of action is for defamation.   He alleges, on information and belief, that over the last eight months, the unidentified "defendant" has made defamatory statements about him verbally, by text message, and on the internet.   No specifics are alleged.   Plaintiff states that he presented marketing materials to "defendants" in September, 2013.   The marketing materials concern Plaintiff's unknown business venture in Florida.   He fails to allege what the marketing materials consisted of, or why he presented them to the unidentified Defendants.

The marketing materials are allegedly "private," but Plaintiff does not say why, or what steps he took to protect this information.   He complains that he learned through an unidentified associate that the unnamed Defendants distributed the private information

with false statements about Plaintiff's character and financial viability.   The substance of these statements, or who they were made to, is not alleged.   But, Plaintiff avers that the statements caused an investor named George Anderson to drop out of the project (what project is not alleged), which cost Plaintiff three months delay and over $250,000 in capital.

Next, Plaintiff alleges that an unidentified "defendant" has made statements to third parties, including David Harpur, which portray Plaintiff as dishonorable and untruthful. Again, the who, what, when, and where are not alleged.   According to the amended complaint, David Harpur is a minority shareholder in Finely Designed, Inc., and three unidentified employees of that company have accused Plaintiff of trying to "scam" money from Harpur.

Plaintiff complains that "Defendant's", which I infer to mean David Harpur, told a Cheryl Baughman that Plaintiff and his wife (who is not a party), "were troubled people," and that Baughman should drop a lawsuit she had against David Harpur and sue Plaintiff and his wife instead because they have deeper pockets.   Plaintiff alleges that Baughman told him David Harpur said Plaintiff "was a crook, a liar and not to be trusted."

The amended complaint alleges that these events have caused Plaintiff to lose business and unspecified business opportunities.   Finally, he alleges that an unidentified person or persons made false statements about him including that he had "never run a business this size . . . be careful giving him your hard earned money, I wouldn't invest in that or him he is inexperienced and lacks proper credentials."   As a result, Plaintiff says he may lose his top secret clearance and will no longer be able to participate in DOD contracting.   He also claims that his health has been affected by Defendants' conduct.

Count II, for intentional infliction of emotional distress, incorporates all of the

allegations of Count I of the amended complaint.   Plaintiff alleges that David Harpur is addicted to drugs and alcohol, and that while he was impaired, he made unspecified statements about Plaintiff's credibility and solvency which caused Plaintiff to lose business.   The particulars of these events are not alleged.

According to Plaintiff, David Harpur associates with petty criminals and drug users who he has caused to harass Plaintiff by visiting his home, calling, and emailing him. These unidentified persons have also visited Plaintiff's daughter's home.   Harpur also allegedly disseminated private information (not explained), to unidentified persons by email, text message, telephone calls.   The who, what, and where of these publications is not alleged.   But, as a result, Plaintiff says he has endured great mental anguish, shock, and humiliation.

Count III is for negligent infliction of emotional distress.   This count incorporates by reference all allegations of the preceding two counts.   Here, Plaintiff alleges that Defendants exposed him to a criminal drug trafficking enterprise, and drug and alcohol abuse which placed Plaintiff's life and the lives of his wife, children and grandchildren in jeopardy.   The particulars of these events are not alleged.

Count IV is an action for harassment, causing severe emotional distress.   Plaintiff incorporates all of the averments of the first three counts into this count.   He complains about "statements and distortions and reports to third parties" which caused Plaintiff to suffer mental distress, physical harm, and loss of income.   Once again, the specifics of these events are not alleged.

Count V is styled harassment causing severe emotional distress.   This count incorporates the allegations of the preceding four counts.   Plaintiff alleges that Defendants are harassing him for their financial benefit, and that as a result, he has been

damaged.   No details are alleged.

## ANALYSIS

To plead a cause of action, Fed.R.Civ.P. 8(a)(2) requires a plaintiff to "show[ ]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do.   Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007).   To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).   A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged."   Iqbal, 556 U.S. at 678.   When evaluating a complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.   Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011).   Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).   See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).   That said, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure.   Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).   The court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action."   GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th

Cir. 2010).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6).   Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).   Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint.   La Gresta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).

The amended complaint does not comply with the basic requirements of Rule 8(a). It is almost entirely devoid of specifics; it is confusing, redundant, and it includes improper legal argument.   Due in part to the lack of factual allegations, none of the counts of the amended complaint are plausible.   Plaintiff has failed to allege the particulars required to "give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests."   See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

The amended complaint is also a shotgun pleading, which impermissibly "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."   Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006).   Because Plaintiff has failed to identify which facts are applicable to which claims, the Court "must sift out the irrelevancies, a task that can be quite onerous."   Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp., 305 F.3d 1293, 1295-96 (11th Cir. 2002).

Finally, Plaintiff's request for damages is flawed.   He seeks a preliminary

injunction, but has not laid out a basis for his entitlement to that relief.   In the Eleventh

Circuit, a movant seeking a preliminary injunction must show (1) a substantial likelihood

of success on the merits; (2) an irreparable injury in the absence of an injunction; (3) his

injury exceeds any injury to the defendant cause by the injunctions; and (4) an injunction

would not be adverse to the public interest.   Ga. Latino Alliance for Human Rights v.

Gov. of Ga., 691 F.3d 1250, 1262 (11th Cir. 2012).   Plaintiff's amended complaint does

not address these factors.   And, Plaintiff seeks attorney fees, but he is pro se and does

not allege that he is a lawyer licensed to practice in Florida or admitted to this Court's Bar.

Thus, this claim, as pled, is without merit.

The Supreme Court has cautioned that a case should only be dismissed as

frivolous if it relies on meritless legal theories or facts that are clearly baseless.   See

Neitzke, 490 U.S. 319, 328 (1989).   A complaint should not be dismissed for failure to

state a claim "without granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated." Gomez v. USAA

Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal

quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir.

2002) (per curiam).   Plaintiff has had two opportunities to plead his claim and he has

failed to do so.   Accordingly, I recommend that the Court:

    (1) **DENY** Plaintiff's motion to proceed *in forma pauperis*;

    (2) **DISMISS** Plaintiff's amended complaint without leave to amend; and

    (3) **DIRECT** the clerk to close the file and terminate any pending motions.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and

M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and

recommendation.   Failure to file timely objections shall bar the party from a de novo

determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on May 12, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff, pro se